UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PEDRO RAMON GONZALEZ-AGUILERA,**

      **Petitioner,**

v.
                                             **CASE NO. 8:13-cv-800-T-27TBM**
                                        **CRIM. CASE NO. 8:12-cr-74-T-27TBM**

**UNITED STATES OF AMERICA,**

      **Respondent.**

_____/

## ORDER

**BEFORE THE COURT** are Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (cv Dkt. 1), and the Government's response in opposition (cv Dkt. 9).[1] Upon consideration, the Court **DENIES** Petitioner's motion in part and orders a supplemental response to one of Petitioner's ineffective assistance claims.

### Procedural Background

On April 9, 2012, Petitioner pleaded guilty, pursuant to a plea agreement, to being found in the United States after deportation subsequent to an aggravated felony, in violation of 8 U.S.C. §1326(a) and (b)(2) (Count One of the Indictment), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Count Four of the Indictment) (cr Dkts. 26, 27). On July 9, 2012, Petitioner was sentenced to 46 months imprisonment as to Count One, and 24 months imprisonment as to Count Four, to run consecutive to the sentence imposed for Count One (cr Dkts. 32, 36). Petitioner did not appeal his convictions or sentences.

_____

[1] Although afforded the opportunity, Petitioner did not file a reply to the Government's response (see cv Dkt. 2, p. 3, ¶ 5; cv Dkt. 10, p. 2, ¶ 4).

Petitioner filed his Section 2255 motion raising five grounds for relief:

1-5. Counsel was ineffective:

a. in failing to move for application of a "fast track" review under § 5K3.1;

b. in failing to timely object to the presentence investigation report (PSR);

c. in failing to file a notice of appeal as Petitioner had requested;

d. in failing to preserve issues for appeal and perfect the record for appeal; and

e. in refusing to accept any phone calls or e-mails from Petitioner.

### Standard of Review for Ineffective Assistance of Counsel Claims

*Strickland v. Washington*, 466 U.S. 668 (1984), governs Petitioner's ineffective assistance

of counsel claims:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*,

466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to

address both components of the inquiry if the defendant makes an insufficient showing on one.");

*Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims

on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate

2

assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment," Petitioner must demonstrate that counsel's error prejudiced the defense. *Strickland v. Washington*, 466 U.S. at 691-92. To meet this burden, Petitioner must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694-95. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

## Discussion

### Ground One, sub-claim 1 and Ground Two

In Ground One, sub-claim 1 and Ground Two, Petitioner contends that counsel was ineffective in failing to request a four-level downward departure from the sentencing guidelines range based on the "fast-track" program.[2] The government argues that Petitioner would not have been eligible for the "fast-track" program because Petitioner "had previously been deported

---

[2] See United States Sentencing Guidelines. § 5K3.1, which states:

Upon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides.

following a drug trafficking conviction for which the sentence imposed exceeded five years and a violent felony conviction." (cv Dkt. 9 at p. 8). The government's policy and procedural manual indicates, in pertinent part, that defendants previously deported after "a drug trafficking offense for which the sentence imposed exceeded five years. . ." are not eligible to participate in the "fast-track" program (cv Dkt. 9-1 at p. 2). Petitioner was deported after he was convicted and sentenced to 140 months imprisonment for conspiracy to possess with intent to distribute cocaine. *See United States v. Gonzalez*, Case No. 8:99-cr-271-T-17 (M.D.Fla.) (Dkts. 457, 471, 796). And, Petitioner does not contest that he was deported after he was convicted of a drug trafficking offense for which his sentence exceeded five years imprisonment. Therefore, Petitioner was not eligible for a "fast-track" sentence. Accordingly, counsel did not render deficient performance by failing to request a "fast-track" sentencing reduction.

Additionally, "[t]he decision that a defendant be 'fast-tracked' is not made by the defendant but by the United States Attorney." *United States v. Martinez-Trujillo*, 468 F.3d 1266, 1269 (10th Cir. 2006). Therefore, "where a defense attorney fails to ask for a fast-track sentence reduction his failure will not constitute ineffective assistance of counsel, and will not be deemed to prejudice the defendant." *Campos-Bailon v. United States*, 2013 U.S. Dist. LEXIS 142219, at *4 (N.D. Ga. Sept. 12, 2013) (unpublished) (citations omitted).

Accordingly, Ground One, sub-claim 1 and Ground Two do not warrant relief.

**Ground One, sub-claims 2 and 4**

Petitioner contends that counsel failed to 1) file timely objections to the PSR, and 2) preserve issues and/or perfect the record for appeal. Petitioner, however, neglects to identify a single specific error in the PSR or to demonstrate how he was in any way prejudiced by counsel's failure to object

to such errors. Petitioner likewise does not specify any issues that counsel failed to preserve for appellate review or explain how counsel failed to "perfect the record." Vague and unsupported allegations of ineffective assistance of counsel do not entitle a petitioner to relief. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim).

Accordingly, Petitioner is not entitled to relief pursuant to Ground One, sub-claims 2 and 4.

**Ground One, sub-claim 5**

Petitioner contends that counsel refused to accept any of Petitioner's phone calls or e-mails. Again, Petitioner's claim is vague, conclusory, and unsupported by specific factual allegations. And, Petitioner fails to explain how counsel's refusal to accept Petitioner's calls or e-mails affected the outcome of Petitioner's criminal proceedings. Therefore, because Petitioner has failed to allege any prejudice stemming from counsel's alleged failure to accept Petitioner's phone calls or e-mails, Petitioner is not entitled to relief pursuant to this ineffective assistance of counsel claim.

Accordingly, Ground One, sub-claim 5 is denied.

**Ground One, sub-claim 3 and Ground Three**

Petitioner contends that counsel rendered ineffective assistance by not filing a notice of appeal as instructed by Petitioner. He asserts that he requested counsel to appeal "so that his sentence could be reviewed by the 11th Circuit Court of Appeals based on the unreasonable imposed sentence of the consecutive sentence towards his supervised release violation, where his crime was non/violent." (cv Dkt. 1 at p. 8).[3]

---

[3]The sentences imposed in Case No. 8:12-cr-74-T-27TBM run consecutive to the sentence imposed after revocation of Petitioner's supervised release in Case No. 8:99-cr-271-T-17 (see cr Dkt. 36 at p. 2).

In response, the Government argues that: 1) Petitioner failed to support his allegation that he requested counsel file a notice of appeal with any letters, e-mails, or documentation of phone calls to counsel, or an affidavit; 2) Petitioner knowingly and willingly waived his right to appeal his sentence, and none of the exceptions to the appeal waiver are applicable to Petitioner's sentence; and 3) because counsel is an experienced attorney, he would have filed a notice of appeal had Petitioner requested he do so.

Initially, the appeal waiver in Petitioner's plea agreement does not prevent him from filing a Section 2255 motion to challenge counsel's failure to file a notice of appeal. *Gomez-Diaz v. United States*, 433 F.3d 788, 790-93 (11th Cir. 2005). *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), holds that *Strickland* governs an ineffective assistance of counsel claim based upon counsel's failure to file a notice of appeal on a petitioner's behalf. To evaluate such a claim, a court must first establish whether the petitioner specifically requested counsel to file a notice of appeal. "A defendant need not establish that his direct appeal would have been arguably meritorious; he need only show that his counsel's constitutionally deficient performance deprived him of an appeal he would have otherwise taken — i.e., the defendant expressed to his attorney a desire to appeal." *McElroy v. United States*, 259 Fed. Appx. 262 (11th Cir. 2007).

Petitioner alleges that he requested counsel file a notice of appeal. It is undisputed in this case that counsel did not file a notice of appeal on Petitioner's behalf. Therefore, Petitioner's allegation, if true, would entitle him to an out-of-time appeal. *Flores-Ortega*, 528 U.S. at 477, 483.

The record neither confirms nor refutes Petitioner's allegation that he instructed counsel to file an appeal. Although Petitioner did not file an affidavit or documentation in support of his allegation, his Section 2255 motion is sworn under penalty of perjury (cv Dkt. 1 at p. 13).

Additionally, although Petitioner signed a plea agreement with an appeal waiver, "[t]he general rule of *Flores-Ortega* also applies even if the defendant has signed a limited waiver of his right to appeal his sentence." *Gaston v. United States*, 237 Fed. Appx. 495, 496 (11th Cir. 2007) (unpublished) (citing *Gomez-Diaz*, 433 F.3d at 790). *See also Campusano v. United States*, 442 F.3d 770 (2d Cir. 2006) (the existence of a valid appeal waiver provision in a plea agreement does not foreclose a petitioner's claim that counsel was ineffective in failing to file a notice of appeal as instructed by petitioner). Finally, to the extent the Government asserts that "surely it would be [counsel's] practice to file a notice of appeal had [Petitioner] requested that he do so" (cv Dkt. 9 at p. 13), the assertion is not supported by any evidence that it is counsel's habit, custom, or routine practice to file an appeal in any case where his client requested it.

The Government's response is not supported by an affidavit from former defense counsel and fails to disclose whether former defense counsel was provided an opportunity to respond to Petitioner's allegations. The assertions in Petitioner's Section 2255 motion are allegations and not determined facts. Whether defense counsel rendered both deficient performance and consequent prejudice is appropriate only after providing counsel an opportunity to respond to his former client's allegations. As *Gomez-Diaz v. United States* instructs, "[i]f the evidence establishes either that Petitioner's attorney acted contrary to his client's wishes, or that he failed to fulfill his duty to attempt to determine his client's wishes, prejudice is to be presumed, and Petitioner is entitled to an out-of-time appeal. . . ." *Id.* at 793. The Government must ascertain whether former defense counsel admits or contests Petitioner's allegation that counsel failed to file a notice of appeal after Petitioner asked him to do so.

Because an allegation of ineffective assistance of counsel waives the attorney-client privilege

regarding the specific allegation, *Johnson v. Alabama*, 256 F.3d 1 156, 1 178 (11th Cir 2001), *cert. denied*, 535 U.S. 926 (2002), former defense counsel must provide to the Government 1) an affidavit discussing any communication with Petitioner relevant to the claim that counsel failed to file a notice of appeal after Petitioner asked him to do so, and 2) any records (including correspondence) relevant to that claim of ineffective assistance of counsel.

Accordingly, it is **ORDERED** that:

1. Ground One, sub-claims 1, 2, 4, and 5, and Ground Two of Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (cv Dkt. 1) are **DENIED**.

2. On or before December 11, 2015, the Government shall file a supplemental response addressing only Petitioner's claim that counsel was ineffective in failing to file a notice of appeal after Petitioner instructed him to do so (Ground One, sub-claim 3 and Ground Three).

3. Petitioner may file a reply to the supplemental response on or before December 31, 2015.

**DONE AND  ORDERED** in Tampa, Florida, on *November* 19th_____, 2015.


JAMES D. WHITTEMORE
**United States District Judge**

SA:sfc
Copy furnished to:
*Pro Se* Petitioner
Counsel of Record